﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190222-4741
DATE: November 27, 2019

ORDER

1. Service connection for a left knee disability is granted.

2. Entitlement to service connection for anxiety is denied.

FINDINGS OF FACT

1. Competent medical evidence establishes that the Veteran’s left knee disability was incurred in service.

2. An anxiety disability was not manifested in service, and there is no competent evidence that the Veteran’s current anxiety disorder amy be etiologically related to his service. 

CONCLUSIONS OF LAW

1. Service connection for a left knee disability is warranted. 38 U.S.C. §§ 1101, 1110, 1112, 1131, 1137; 38 C.F.R. §§ 3.303, 3.309.

2. Service connection for an anxiety disorder is not warranted. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.304.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The appellant is a Veteran who served on active duty from May 1972 to January 1976. This matter is before the Board of Veterans’ Appeals (Board) on appeal a February 8, 2019 Department of Veterans Affairs (VA) rating decision. The Veteran was notified of the decision on February 12, 2019. He commenced this appeal by filing a notice of disagreement (NOD) later that month. The appeal is being adjudicated under the framework established pursuant to the Appeals Modernization Act (AMA), Pub. L. No. 115-55, § 2(w)(2)(c)(2). The Veteran has chosen the Evidence Review track. By choosing such review, he has opted to submit additional evidence within 90 days of filing a notice of disagreement (NOD), and the Board may only consider the evidence of record prior to notification of the disposition of the rating decision being reviewed or the evidence submitted into the record within 90 days following the date the NOD was filed.

The February 8, 2019 rating decision also separately denied service connection for PTSD. The Veteran did not include the denial of service connection for PTSD in the February 12, 2019 NOD. While generally a claim of service connection for a psychiatric disability encompasses all psychiatric disabilities, however diagnosed (Clemons v. Shinseki, 23 Vet. App. 1 (2009)), given the specific criteria needed to establish service connection for PTSD, and that the separate denial of service connection for PTSD was not included on the NOD form, the Board finds that the Veteran has decided to limit the scope of this appeal (and that he is not precluded from doing so).

Service Connection

Service connection basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service in the Armed Forces, or if preexisting such service, was aggravated therein. 38 U.S.C. §§ 1110, 1131. 

Service connection for chronic diseases (such as arthritis), may be established on a presumptive basis if the disease is manifested to a compensable degree within a specified period of time post-service (one year for arthritis). 38 U.S.C. §§ 1112, 1137; 38 C.F.R. §§ 3.307, 3.309(a). For diseases listed in § 3.309(a) service connection may be established by showing continuity of symptomology. 38 C.F.R. § 3.303(b).

1. Entitlement to service connection for a left knee disability is granted.

Service connection for a left knee disability was originally denied in July 2009. September 2014 and February 2017 rating decisions continued the denial. The February 2019 rating decision reopened the claim of service connection for a left knee disability and denied the claim on the merits. Under the AMA framework, the Board is bound by the favorable determination in the February 2019 rating decision to reopen this claim. Accordingly, de novo consideration is warranted.

In a survey of medical history on service entrance the Veteran reported a history of left knee pain. During an induction examination, however, his lower extremities (including his left knee) were normal on clinical evaluation. Therefore, he is presumed sound on entry in service with respect to a left knee disability. 38 U.S.C. § 1111. While such presumption is rebuttable, the Board finds that a January 2019 VA medical opinion indicating that a history of pre-service left knee pain is insufficient to establish that a left knee disability pre-existed service weighs persuasively against rebuttal. Consequently, this analysis proceeds with the assumption that the Veteran did not have a left knee disability noted on induction.

It is not in dispute that the Veteran has a current left knee disability. The Veteran’s service treatment records indicate that he injured his left knee during service. On January 14, 2019 VA examination the provider found that the Veteran’s left knee disability at least as likely as not was incurred in or caused by a claimed injury, event, or illness in service. 

The Board notes that the February 2019 rating decision denying service connection for a left knee disability relied on the January 24, 2019 VA medical opinion which – in addition to indicating that the Veteran did not have a left knee disability that pre-existed service – indicated that there was no evidence of a chronic left knee disability diagnosed during a period of service. However, to establish service connection, it is not required that a chronic disability be diagnosed during service, so long as there is competent (medical) evidence that the current disability is etiologically related to a disease, injury, or event in service. The January 14, 2019 VA examination opinion constitutes such evidence. 

Considering the foregoing, the Board finds the evidence for and against there being a nexus between a current left knee disability and the Veteran’s service to be at least in equipoise. Resolving reasonable doubt in the matter in the Veteran’s favor as is required in such circumstances, the Board finds that service connection for a left knee disability is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. 

2. Entitlement to service connection for anxiety is denied.

Service connection for anxiety and PTSD were denied in a February 8, 2019 rating decision. The Veteran was notified of the decision on February 12, 2019. The Veteran commenced this appeal by filing a NOD later that month appealing only the denial to service connection for anxiety (i.e., not listing the denial of PTSD as an appealed issue).

The Veteran’s service treatment records are silent for a diagnosis of, or treatment for, anxiety. On service examinations in August 1975, September 1976, July 1978, or November 1979, psychiatric clinical evaluation was normal, and, in contemporaneous surveys of medical history, the Veteran denied having or ever having had depression or excessive worry. 

The Veteran’s current treatment records show that the Veteran has a history of anxiety, depression, and claustrophobia, and that medication to treat anxiety has been prescribed.

The record contains a November 2017 written statement describing an incident (retrieving body parts of an accident victim) which the Veteran believes led to his developing a psychiatric disability. [The agency of original jurisdiction made numerous efforts to verify the event, eventually receiving a response that general information regarding the types of accident the Veteran described was not kept, but that if the Veteran provided more specific information, including the name of the deceased, verification of the death might be possible. The Veteran was forwarded a copy of the response, and did not provide further information. Consequently, the event remained unverified.] 

Accordingly, what the Board must rely on is an evidentiary record where while an anxiety disorder is currently shown, such disorder was not manifested in service there is evidence in his service records of a related disease or injury, no credible supporting evidence of an alleged stressor event in service to which a current diagnosis of an anxiety disorder could be related, and no competent (medical) evidence that any current psychiatric disability may be related to the veteran’s service. [The Board notes that without any competent evidence that a current psychiatric disability may be related to the Veteran’s service, even the low threshold standard for determining when a VA examination is necessary is not met. McLendon v. Nicholson, 20 Vet. App. 79 (2006).] 

Considering the foregoing, the Board finds that the preponderance of the evidence is against this claim, and that the appeal in the matter must be denied. 

 

 

GEORGE R. SENYK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board David R. Seaton, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.